UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEN WASHINGTON, individually and on behalf of the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 08 C 2823 |
| NORTH STAR CAPITAL ACQUISITION, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant North Star Capital Acquisition, L.L.C. ("North Star") to dismiss Ben Washington ("Washington")'s three-count complaint for failure to state a claim. For the reasons set forth below, the motion is granted.

## BACKGROUND

On May 15, 2008, Washington filed the present three-count complaint. Count I alleges that North Star filed a collection lawsuit in state court notwithstanding a known defense. According to Washington, this constitutes a deceptive collection practice and an unfair collection practice in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. § 1692f. As this claim arises

under the laws of the United States, its jurisdictional basis is 28 U.S.C. § 1331; Washington also points to 28 U.S.C. § 1337(a), which provides district courts with original jurisdiction over civil actions arising under any federal statute regulating commerce. Count II asserts a violation of the Illinois Collection Agency Act ("ICAA"). Count III is premised upon the Illinois Consumer Fraud Act ("ICFA"). These claims do not raise federal questions; Washington claims that they form part of the same case or controversy as Count I and therefore should be considered through our supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

In response to Washington's complaint, North Star filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on grounds that the three counts fail to state causes of action upon which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained

within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we consider the instant motion.

## DISCUSSION

### I.  The Fair Debt Collection Practice Act Claim

The court must first determine whether the FDCPA applies to North Star before entertaining any of the related claims. At issue is whether the filing of a lawsuit despite a known state law defense is a deceptive collection practice under the FDCPA. 15 U.S.C. §1692 *et seq*.

A debt collector can be held civilly liable for using: "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt..." 15 U.S.C. § 1692(f). "Even when viewed from the perspective of the unsophisticated consumer, the filing of a debt collection lawsuit...does not have the natural consequence of harassing, abusing or oppressing the debtor. Any attempt to collect a defaulted debt will be unwanted...but employing the

court system...cannot be said to be an abusive tactic under the FDCPA." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006).

North Star cites *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007) as controlling authority given Washington's allegations. In *Beler*, GE Capital Corporation retained Blatt to file a collection suit against plaintiff to recover on her JCPenney debt. *Id.* at 472. The complaint identified GE Capital Corporation as "GE Capital." *Id.* Beler subsequently sued Blatt claiming the complaint and supporting affidavit violated Section 1692(e) because the unclear description of the contracts among the various debt collectors which included GE Capital was confusing to an "unsophisticated consumer." *Id.*

In the present action, Washington filed suit invoking this court's jurisdiction pursuant to the FDCPA alleging North Star violated the ICAA by filing a lawsuit in state court knowing it had an invalid claim; Washington specifically alleges that North Star knew or should have known that its non-compliance with Section 8b of the ICAA provided Washington a complete defense. But Washington fails to allege the statements contained in North Star's state complaint are false; instead, he finds the pleading insufficient under the ICAA because the alleged assignment was not attached to North Star's state court complaint. The FDCPA does not address state court litigation nor does it provide any requirements for what must be attached to a state court complaint.

Therefore, Washington's 1692(e) claim is premised on an alleged violation of Illinois state pleading requirements and the FDCPA will not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure.

The court finds Washington's Section 1692(f) claim equally unpersuasive for similar reasons. "Section 1692(f) creates its own rules (or authorizes the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law." *Id.* at 474. The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation. *See Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004). *Beler*'s rationale is again fitting: if North Star violated the ICAA, then that statute's rules should be applied. The FDCPA should not be used as a way to piggyback one's state claims into federal court. As such, Count I doe not state a claim upon which relief can be granted and it is consequently dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     The State Law Claims

The remaining counts in Washington's complaint are based on Illinois state law, i.e. the ICAA and the ICFA. It is within this court's discretion to determine whether to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). We may decline to exercise supplemental jurisdiction over a claim under subsection 1367(a) if we have

dismissed all the claims over which there is original jurisdiction. 28 U.S.C. § 1367(c).

Precedent in this circuit instructs that our court not exercise supplemental jurisdiction

over such claims. *See*, *e.g.*, *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

Since the sole federal claim is being dismissed, this court declines to exercise

supplemental jurisdiction over Washington's state law claims and they are dismissed

for lack of jurisdiction.

## CONCLUSION

Based on the foregoing, North Star's motion to dismiss Count I of Washington's

complaint under Fed. R. Civ. P. 12(b)(6) is granted. We decline to exercise

supplemental jurisdiction over the remaining two counts and are therefore dismissed on

that basis.

Charles P. Kocoras
United States District Judge

Dated:    September 15, 2008